Holly G. Rogers
(203) 533-6255
hrogers@melicklaw.com

**MELICK & PORTER**

ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR. *(ME)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
T. DOS URBANSKI *(RI)
SHANNON MCQUEENEY DOHERTY*(NY)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
RENÉ M. PICKETT*(RI)
SHANNON M. O'NEIL *(RI)
LAUREN S. FACKLER *(NJ, NY & VT)
STEVEN M. BANKS (CT & NY)
VICTORIA M. RANIERI
ALEXANDER W. AHRENS (CT)
LAUREN K. CAMIRE
LAUREN C. ROCHE
JOHN N. YOKOW
MICHAEL C. GRENIER
PARKER L. WILLIAMS *(DC)
KURT A. ROCHA*(RI & CT)
CHRISTOPHER A. COSTAIN *(CT)
NICHOLAS M. LUISE
STEPHANIE E. BENDECK *(FL)
SOPHIA P. BREENE *(NH)
MALIK EICE MUHAMMAD *(NY)
CASEY C. MILLER (CT)
ALEXANDRA J.L. ROMANO *(NY)
MICHAEL W. STENGER (CT)
SAMANTHA J. SPICER (CT&NY)
ALEXANDRA D. BURROUGHS *(RI)
THOMAS C. DONOVAN
ELIZABETH A. VALENTINE

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
JENNIFER A. SUNDERLAND
JOHN A. SAKAKEENY

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

Honorable Edgar Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

May 11, 2023

Re:   *Palmore v. Napoli Shkolnik PLLC, et al.* / No. 23-cv-01616

Dear Judge Ramos:

This firm represents the defendants Napoli Shkolnik, PLLC (the "Firm"), Paul Napoli, Marie Napoli, and Hunter Shkolnik (the "Individual Defendants") (collectively, the "Defendants") in the above-referenced matter. Pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices, we write on behalf of the Defendants to respectfully request permission to file a motion to dismiss the plaintiff, Heather Palmore's (the "Plaintiff") Complaint in its entirety and/or to request a pre-motion conference.  The basis for the Defendants' proposed motion is set forth below.

### I. This Court Lacks Personal Jurisdiction Over the Individual Defendants

The Court lacks personal jurisdiction over the Individual Defendants, all of whom reside and work in Puerto Rico, because neither C.P.L.R. § 301 nor § 302 confers jurisdiction. A non-resident individual is not subject to jurisdiction under § 301 unless he or she does business in New York on his or her own behalf, rather than on behalf of a corporation. *See Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615, 815 N.Y.S.2d 196 (2006). The Complaint does not allege and could not plausibly allege that the Individual Defendants were doing business in New York on their own behalf, because the only alleged interactions between the Individual Defendants and the Plaintiff were in the context of her employment with the Firm. Therefore, § 301 does not confer jurisdiction.

A non-resident individual is not subject to jurisdiction under § 302 unless the cause of action arises from (1) his or her commission of a tortious act within the state; or (2) his or her  commission of a tortious act without the state causing injury to person or property within the state, if certain conditions related to his or her contacts with the state or participation in interstate or international commerce are present.

The Complaint does not plausibly allege tortious conduct on the part of the Individual Defendants, within or without New York, as would be necessary to confer personal jurisdiction under § 302. The facts alleged do not support the Plaintiff's claims. Instead, the Complaint relies on conclusory assertions and unfounded speculation. Thus, the Individual Defendants' alleged conduct does not rise to the level of tortious conduct requisite to the exercise of jurisdiction. *See Gilbert v. Indeed, Inc.,* 513 F. Supp. 3d 374,

416-418 (S.D.N.Y. 2021) (under § 302, the plaintiff need not prove the tortious conduct, but is required to state a colorable cause of action). Without a statutory basis for jurisdiction, the Court lacks personal jurisdiction over the Individual Defendants irrespective of the Due Process analysis. *See Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409 (S.D.N.Y. 2014).

## II. The Plaintiff Failed to Properly Serve the Individual Defendants

The Plaintiff's attempted service on the Individual Defendants pursuant to FRCP 4(e) and C.P.L.R. § 308 is improper. The summons and Complaint had to be left with a person of suitable age and discretion at each Individual Defendant's "actual place of business, dwelling place or usual place of abode" and then mailed to each Individual Defendant. *Id*. § 308(2). The affidavits of service filed with the Court show that the Plaintiff attempted to serve the Individual Defendants by delivering and leaving a copy of the summons and Complaint with an unnamed "concierge" security guard in the lobby of the Firm's office building in Melville, NY where the Plaintiff worked and by mail. Notably, this is not even the address that is listed on the summonses, which list the Firm's Manhattan office address. The 'Jane Doe' concierge referenced on the affidavits of service is not authorized to accept service on behalf of the Individual Defendants, and thus was not a 'person of suitable age and discretion' under Section 308(2). *See e.g. Miller v. Friedman*, 2013 WL 577810 (Sup. Ct. NY County 2013).

Further, the Firm's Melville, NY office is not the actual place of business of the Individual Defendants, who all live in Puerto Rico and work out of the Firm's office there. *See* Complaint ¶¶ 206-207. A person's 'actual place of business' under CPLR § 308 "*must be* where the person is *physically present* with regularity, and that person must be shown to *regularly* transact business at that location." *Selman v. City of NY*, 100 A.D.3d 861, 861-62 (2nd Dept. 2012) (emphasis added); *Napoli v. Bern*, 2021 WL 5458747, at *3 (Sup. Ct. NY County 2021); *Anon Realty Assocs., L.P. v. Simmons Stanley Ltd*., 583 N.Y.S.2d 778 (Sup. CT 1992) (dismissing action for failure to effect service where summons was delivered to a corporation's office in Jersey City, but the defendants, owners and officers of the corporation, did not "physically conduct business from the Jersey City location" and instead "actually and regularly conduct[ed] their business thousands of miles away in California").

## III. Venue is Improper in the Southern District of New York

Venue of this case is improper in the SDNY pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1391. None of the Individual Defendants reside in New York as alleged. The Plaintiff resides on Long Island in the EDNY. *See* Complaint ¶¶ 16, 207 The Plaintiff worked at the Firm's office located in Melville, N.Y. in the EDNY. See Complaint ¶¶ 207, 224-226. Furthermore, a substantial part of the alleged events giving rise to the Plaintiff's action occurred at the Plaintiff's workplace in the EDNY or in Puerto Rico, not the SDNY.

If the Court does not dismiss this case based upon this and the other grounds set forth herein, it should be transferred to the EDNY pursuant to 28 U.S.C. § 1404(a) or § 1406(a) because the action could have been brought there, and the convenience of parties and witnesses and the interests of justice make transfer appropriate.

## IV. The Plaintiff Cannot Avail Herself of the Protections of the NYCHRL

The Plaintiff's NYCHRL claims should be dismissed because the Plaintiff has not and cannot allege the requisite connection to New York City. At all relevant times, the Plaintiff lived and worked on Long

Island. *See* Complaint ¶¶ 16, 207. The Plaintiff has not plead that any of the alleged culpable conduct took place in New York City and her allegations do not establish that she felt the impact of the alleged discriminatory, harassing, and retaliatory conduct within the territorial boundaries of New York City. *See Lambui v. Collins*, No. 14-CV-6457, 2015 WL 5821589, at *5 (E.D.N.Y. Sept. 30, 2015) ("It is abundantly clear that the vast majority of [defendant's] discriminatory and harassing conduct occurred on Long Island. Thus, Plaintiff has failed to show that [defendant's] alleged conduct affected the terms and conditions of her employment within New York City, as Plaintiff has failed to adequately allege that she was employed within New York City."); *Kearse v. ATC Healthcare Servs.*, No. 12 Civ. 233(NRB), 2013 WL 1496951, at *1-2 (S.D.N.Y. Apr. 8, 2013) (dismissing NYCHRL claim where plaintiff did not work in New York City).

### V. The Plaintiff Fails to State a Claim Upon Which Relief Can be Granted as to all Counts

The Plaintiff's claims for retaliation and interference in violation of the Family and Medical Leave Act ("FMLA") must be dismissed because Plaintiff has failed to plead that she was an eligible employee pursuant to the FMLA, which is a threshold and dispositive issue. *Arroyo-Horne v. City of New York*, 831 Fed.Appx. 536, 539 (2d Cir. 2020). Furthermore, the Plaintiff has failed to plead any specific facts supporting her claims that any of the Individual Defendants had substantial control over the Plaintiff's FMLA leave, or that they retaliated or interfered with her FMLA leave, and her allegations of aiding and abetting are legal conclusions unsupported by the facts. *See Ziccarelli v. NYU Hospitals Center*, 247 F.Supp.3d 438, 446–48 (S.D.N.Y. 2017).

The Plaintiff's claim for violation of New York's anti-SLAPP law is improper as brought under § 76-a of New York's Civil Rights Law. *See Max v. Lissner*, 22-CV-5070 (VEC), 2023 WL 2346365, at *7, n. 17 (S.D.N.Y. Mar. 3, 2023). Moreover, the claim fails because the Plaintiff has failed to adequately allege that the underlying state court litigation initiated by the Defendants (a) is based on a publicly made statement involving an issue of public interest; and (b) was commenced without a substantial basis in fact and law. NYCRL § 70-a(1)(a).

The Plaintiff also has failed to state a claim upon which relief can be granted as to her claims for discrimination, harassment, and retaliation in violation of Section 1981 and the NYSHRL, which are analyzed under the same standard. *Bermudez v. City of New York*, 783 F.Supp.2d 560, 576 (S.D.N.Y. 2011). The Plaintiff has failed to plead events of intentional and purposeful discrimination and harassment, as well as racial animus, and has failed to plead a causal link between the Defendants' alleged actions and her race. As plead, the Plaintiff's claims for discrimination and harassment require an inference that is not supported by the facts alleged in the Complaint. The Plaintiff also has failed to plead facts sufficient to support a causal connection between her alleged engagement in protected activity and an adverse employment action sufficient to establish her retaliation claims. Lastly, she also has failed to plausibly impute liability to any of the Individual Defendants because the Complaint fails to allege the requisite personal involvement or an affirmative link between the Individual Defendants and the alleged discriminatory or retaliatory conduct to which the Plaintiff was allegedly subjected. The Plaintiff's NYCHRL claims fail substantively for the same reasons.

For the foregoing reasons, the Defendants respectfully request permission to file the proposed motion to dismiss and/or request a pre-motion conference. The Defendants reserve the right to assert additional grounds for dismissal in their proposed motion to dismiss and supporting memorandum of law.

Very truly yours,

Melick & Porter, LLP

By: /s/ *Holly G. Rogers*

Holly G. Rogers