WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

May 18, 2023

**VIA ECF**

The Honorable Edgar Ramos
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Palmore v. Napoli Shkolnik PLLC, *et al.*; Civil Case No. 23-cv-01616 (ER)

Dear Judge Ramos:

We represent Plaintiff Heather M. Palmore ("Plaintiff") and write in response to Defendants Napoli Shkolnik PLLC (the "Firm"), Paul Napoli, Marie Napoli and Hunter Shkolnik's (together, "Individual Defendants") (all together, "Defendants") proposed motion to dismiss. Dkt. No. 24. Defendants' proposed motion is meritless and is likely only proposed for the Firm to wrongly claim an entitlement to a stay of discovery.

## I. This Court Has Personal Jurisdiction Over the Individual Defendants

The Firm does not contest that it is subject to personal jurisdiction before this Court. The Court unquestionably also has personal jurisdiction over the Individual Defendants.

For personal jurisdiction under CPLR 302(a)(1), "(1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). The Individual Defendants undeniably transact business within the state insofar as they run and operate a law firm here. The Individual Defendants also regularly practice law within and appear before courts within the State. See e.g. C.N.H. v. Levine, 149 N.Y.S.3d 889 (N.Y. Sup. Ct. 2021); In re Hoosick Falls PFOA Cases, No. 119 Misc. 0018 (LEK) (DJS), 2021 WL 1966720 (N.D.N.Y. May 17, 2021). Moreover, where "[p]laintiff's claims of discrimination and retaliation appear to relate to her employment, which was contemplated and did occur in New York" the requirements of §302(a)(1) are satisfied. Vega v. Hastens Beds, Inc., No. 1:21 Civ. 02732 (PGG) (SDA), 2022 WL 1229387, at *8 (S.D.N.Y. Feb. 7, 2022). Thus, CPLR 302(a)(1) jurisdiction applies.

Jurisdiction is also appropriate under CPLR 302(a)(2) which permits courts to exercise "personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act within the state...." and CPLR 302(a)(3) which "requires [] (1) that the Defendant's commission of a tort outside of [NY] State caused injury to the Plaintiff within [NY] State, and (2) that the






Defendant either regularly does or solicits business in [NY], engages in any other persistent course of conduct in [NY], or derives substantial revenue from [] services rendered in [New York]." Del Ponte by Del Ponte v. Universal City Dev. Partners, Ltd., No. 07 Civ. 2360WP4LMS, 2007 WL 9819187, at *3 (S.D.N.Y. July 13, 2007). Further, "[i]t is undisputed that [] alleged discriminatory acts constitute torts within the meaning of section 302(a)." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 77 (E.D.N.Y. 2006). Plaintiff alleges that each Individual Defendant took part in discriminatory conduct, then, after she complained, Plaintiff was terminated in New York. See e.g. ¶¶99,139,147-48,163, 181-86 and 206.[1] Plaintiff also complained of discrimination at a Task Force meeting in NYC, and Defendants threatened to reduce her salary. ¶¶161,167. Defendants have also engaged in retaliatory litigation by suing her in New York. ¶252.

**II. Plaintiff Has Served the Individual Defendants**

The Individual Defendants—not the Firm—argue improper service. Even if they live in Puerto Rico, a person can have more than one "actual place of business." An "actual place of business" includes "*any* location that the defendant, through regular solicitation or advertisement, has held out as its place of business." Velez v. Vassallo, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002). The Individual Defendants operate, work from and advertise the Melville office and sign pleadings using that address. They were served at that address on a "person of suitable age and discretion." CPLR §308(2). In fact, despite Defendants' assertion, service was effectuated upon the Firm's receptionist—not an "unnamed "concierge" security guard in the lobby."

The Individual Defendants who regularly practice before this Court and are represented by counsel have refused to accept service, despite the fact that Plaintiff's counsel has accepted service on a lawsuit Napoli Shkolnik filed against Ms. Palmore in state court. See Ex. A. Out of an abundance of caution, we will also serve in Puerto Rico. There are still 10 days remaining on the deadline for service under Fed. R. Civ. P. 4(m). To the extent service is deemed insufficient in its current form, Plaintiff respectfully requests an additional 60 days to effectuate service. As needed, Plaintiff reserves the right to seek additional time or seek service by alternate means (i.e., *via* email).

**IV. Plaintiff More Than Sufficiently Alleges Every Cause of Action**

To say that a substantive motion to dismiss the claims would be frivolous is an understatement. Defendants literally fired Ms. Palmore and filed a lawsuit against her directly after she raised complaints of discrimination. This motion is just a false basis upon which to request a stay.

**First**, Plaintiff alleges sufficient connection to NYC to avail herself of NYC's Human Rights Law, ("NYCHRL"). As discussed, *supra* at §III, Plaintiff worked from the NYC office (¶16) and culpable conduct took place in NYC. ¶¶127-29, 130, 134. According to the cases cited by Defendants, when a Plaintiff works in NYC, dismissal of a NYCHRL claim is not warranted. See

[1] All references to the Complaint are cited as "¶__,"

Kearse v. ATC Healthcare Servs., No. 12 Civ. 233 (NRB), 2013 WL 1496951, at *1-2 (S.D.N.Y. Apr. 8, 2013) (dismissing NYCHRL claim where plaintiff did not work in NYC).

**Second**, Plaintiff has sufficiently alleged discrimination/retaliation covered by the New York State Human Rights Law and Section 1981. For example, Plaintiff was subjected to a bear hanging from a noose (¶ 5), referred to as the "Black female Ben Crump" (¶90) and was "used" as a "token African American." ¶104. When Plaintiff filed a complaint of discrimination she was immediately met with harassment, and then when she retained counsel to protect herself, she was fired and pre-emptively sued. ¶¶138-39, 251, 279. Defendants' argument that Plaintiff "failed to plead facts sufficient" is not cited to any case and there is not one in the *country* that would support dismissal.

**Third**, Plaintiff's retaliation and interference claims in violation of the Family and Medical Leave Act is sufficiently pled. The Firm has over 50 employees (the FMLA threshold) and Plaintiff alleges that Mr. Napoli harassed and retaliated against her when she requested medical leave, among other ways by harassing her when she was on leave and then terminating her employment and filing a lawsuit against her shortly thereafter. ¶¶241-243, 247,252, 279.

**Fourth**, Plaintiff has alleged personal involvement of the Individual Defendants in the unlawful conduct. In fact, the Complaint is replete with the Individual Defendants participating in unlawful conduct. See ¶¶78, 99,129, 139,147-48,163, 177, 181-86, 203, 206, 237-39 and 251. As such, not only are the Individual Defendants liable as employers but also aiders and abettors. See Fried v. LVI Servs., Inc., No. 10 Civ. 9308 (JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011).

**Fifth**, without legal authority, Defendants argue that the Anti-SLAPP claim is improper. However, Plaintiff alleges that the Firm preemptively sued her in state court and that "the crux of the Firm's lawsuit" is that Plaintiff was engaged in "false and defamatory claims of discrimination," (¶253). Plaintiff alleges that the state court action was filed to chill her lawful conduct and to "interfere with her ability to access the courts and vindicate her rights." ¶230. Further, discrimination and retaliation are matters of public interest. Thus, the Anti-SLAPP law applies.

## III. Defendants Proposed Motion to Change Venue is Meritless

Defendants have not satisfied their burden under 28 U.S.C. § 1404(a) by showing that transfer is warranted "for the convenience of the parties and witnesses, in the interest of justice." Id. Here, venue is proper because Napoli's principal place of business is located here (¶12) and Plaintiff alleges that she worked from the Firm's NYC **and** LI offices. ¶16. Moreover, a substantial part of the alleged events giving rise to this action occurred in the SDNY. The Task Force meeting where discriminatory rhetoric was used by a Firm executive (a catalyst for Plaintiff's protected activity) took place in NYC (¶¶130, 134) and Plaintiff learned that the Firm acquiesced discriminatory conduct in NYC. ¶¶127-129. Further, convenience of the parties and witnesses does not warrant transfer to EDNY. If the Individual Defendants reside in Puerto Rico and do not work out of Melville as they claim, then EDNY is no more convenient than SDNY.






We thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Sincerely,

David E. Gottlieb