Holly G. Rogers
(203) 533-6255
Facsimile: (203) 721-8532
hrogers@melicklaw.com



ROBERT P. POWERS
JOHN F. ROONEY, III *(CT, DC, NH, NY, PA)
WILLIAM D. CHAPMAN
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR. *(ME)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
T. DOS URBANSKI *(RI)
SHANNON MCQUEENEY DOHERTY *(NY)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
RENÉ M. PICKETT*(RI)
SHANNON M. O'NEIL *(RI)
LAUREN S. FACKLER *(NJ, NY & VT)
STEVEN M. BANKS (CT & NY)
VICTORIA M. RANIERI
ALEXANDER W. AHRENS (CT)
LAUREN K. CAMIRE
LAUREN C. ROCHE
JOHN N. YOKOW
MICHAEL C. GRENIER
PARKER L. WILLIAMS *(DC)
KURT A. ROCHA*(RI & CT)
CHRISTOPHER A. COSTAIN *(CT)
NICHOLAS M. LUISE
STEPHANIE E. BENDECK *(FL)
SOPHIA P. BREENE *(NH)
MALIK EICE MUHAMMAD *(NY)
CASEY C. MILLER (CT)
ALEXANDRA J.L. ROMANO *(NY)
MICHAEL W. STENGER(CT)
SAMANTHA J. SPICER(CT&NY)
ALEXANDRA D. BURROUGHS *(RI)
THOMAS C. DONOVAN
ELIZABETH A. VALENTINE

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
JENNIFER A. SUNDERLAND
JOHN A. SAKAKEENY

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX: (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

May 19, 2023

Honorable Edgar Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Palmore v. Napoli Shkolnik PLLC, et al.* / No. 23-CV-01616

Dear Judge Ramos:

This Firm represents the defendants, Napoli Shkolnik, PLLC (the "Firm"), Paul Napoli, Marie Napoli, and Hunter Shkolnik (the "Individual Defendants") (collectively, the "Defendants") in the above-referenced matter. The Defendants hereby respectfully request a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") pending adjudication of their motion to dismiss. Pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices, the Defendants have filed with the Court a pre-motion letter regarding their proposed motion to dismiss [DE #24]. On May 15, 2023, the Court scheduled a remote pre-motion conference for June 1, 2023 at 10:30 a.m. [DE #25]. For the reasons set forth herein, the Defendants respectfully submit that good cause exists for a stay of discovery.

"Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery for 'good cause.'" *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *1 (S.D.N.Y. May 10, 2021). "If a motion to dismiss is pending, 'courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Id.* (*quoting Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016). In evaluating the aforementioned factors, the Court may also consider the posture or stage of the litigation. *Spinelli v. National Football League*, 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). All three factors favor a stay in this case.

First, the Defendants have made a strong showing of "potentially dispositive" and "substantial arguments for dismissal" in their pre-motion letter. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, 08-CIV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008). To find that this factor favors a stay, the Court need "not address[] the merits of [Defendants'] motion to dismiss," but need only conclude, "after an initial review . . . [that] it 'is potentially dispositive, and appears to be not unfounded in the

Melick & Porter, LLP
May 19, 2023
Page 2

law.'" *Id.* (*quoting Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citation omitted)); *see also Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss"); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law").

Further, it is well established that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. legal Services, Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). Stated differently, "a plausible claim must come before discovery, not the other way around." *Angiulo v. County of Westchester*, No. 11-CV-7823 (CS), 2012 WL 5278523, at *3, n.4 (S.D.N.Y. Oct. 25, 2012); *see also Techreserves Inc. v. Delta Controls, Inc.*, No. 13-CV-752 (GBD), 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014) ("As plaintiff has not pleaded facts sufficient to render the conclusory allegations . . . plausible, it is not entitled to engage in discovery in order to determine whether it can state a plausible claim."). "[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of [Rule 26(c)], which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *KBL Corp. v. Arnouts*, 646 F.Supp.2d 335, 346, n.6 (S.D.N.Y. 2009) (alteration and quotation omitted); *see also Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim.").

In their pre-motion letter, the Defendants put forth multiple, independent, and well-supported arguments for dismissal, including such threshold issues as lack of personal jurisdiction, improper service of process, and improper venue, in addition to sound arguments that the Plaintiff has failed to state a claim upon which relief can be granted as to all counts of the Complaint. Each of the Defendants' arguments is well-supported by applicable case law, has a complete foundation in the law, and is potentially dispositive of the entire action. The Plaintiff should not be permitted to engage in a fishing expedition at this early stage of the litigation in order to shore up her deficiently plead claims. For the foregoing reasons, the Defendants have made the requisite showing that the Plaintiff's claims are not meritorious sufficient to warrant a stay of discovery pending the adjudication of their motion to dismiss.

Second, the breadth and scope of discovery will vary greatly depending on the outcome of the adjudication of the Defendants' motion to dismiss. As an initial matter, the Individual Defendants' proposed motion to dismiss addresses the threshold issue of lack of personal jurisdiction which, if adjudicated in their favor, will result in the dismissal of this action against them. *See, e.g., Vida Press v. Dotcom Liquidators, Ltd.*, 2:22-CV-2022 (HGJ) (JMW), 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) (granting motion to stay discovery where defendants made strong showing that personal jurisdiction was lacking); *Ruilova v. 443 Lexington Ave, Inc.*, 19-CV-5205 (AJN), 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (granting motion to stay discovery pending outcome of defendants' motion to dismiss for lack of personal jurisdiction); *Gandler v. Nazarov*, No. 94-CV-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending a

Melick & Porter, LLP
May 19, 2023
Page 3

motion to dismiss based on the finding that the motion to dismiss based on lack of personal jurisdiction is potentially dispositive, and would potentially obviate the need to engage in costly discovery).

Furthermore, allowing discovery to proceed at this stage would be substantially and unnecessarily burdensome to the Defendants. The current version of the Plaintiff's fifty-nine (59) page Complaint includes nine causes of action against four Defendants and no less than 282 paragraphs of discrete, granular factual allegations regarding the Plaintiff's perceived work-related slights and the Defendants' alleged lack of support for her marketing endeavors that will no doubt be the subject of a voluminous number of interrogatories and requests for production of documents, at the very least. Additionally, since the Defendants' proposed motion to dismiss is potentially dispositive of the Plaintiff's entire lawsuit, any discovery performed at this early stage of the case will possibly have been for nothing, and the Defendants will have suffered the burden of incurring unnecessary time and expense if discovery is not stayed. *See Picture Patents, LLC v. Terra Holdings, LLC*, 07-CIV-5465 (JGK/HBP), 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008). Furthermore, Plaintiff's Complaint apparently has not taken its final form yet, as Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and she asserts that her claims filed therein will be incorporated into this litigation. A stay of discovery will have the advantage of streamlining, simplifying, and shortening discovery following adjudication of the Defendants' motion to dismiss by limiting the scope of the parties' inquiry to claims that have been established by the Court as potentially viable. *Spinelli*, 2015 WL 7302266, at *2. Given the fact that the Defendants' motion has not yet been adjudicated, and the Plaintiff's Complaint and the claims asserted therein are not yet finalized, the scope and contours of discovery in this litigation have not yet been reasonably defined, making any pre-motion discovery premature and inefficient.

Lastly, a stay of discovery will not prejudice the Plaintiff. This litigation is in an infant, preliminary stage. Plaintiff's Complaint was only just filed in February 2023. *Id.* (finding there was no prejudice to plaintiff through the imposition of a stay of discovery in a case that was "*already two years old*") (emphasis added); *Contracto Ltd. v. Fast Search & Transfer Intern., AS*, CIV-12-1930 (JS) (ARL), 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) ("[T]he procedural posture of this action supports a stay given the case is newly filed . . . ."). Moreover, by her own admission, the Plaintiff's Complaint is not even finalized yet to include all of the Plaintiff's anticipated claims. *See O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."); *Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("A stay pending determination of [the motion to dismiss] . . . will neither substantially nor unduly delay the action, should it continue . . . . proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.").

Accordingly, the Defendants respectfully request that the Court stay discovery pending adjudication of their motion to dismiss to conserve resources, judicial economy, and to avoid the potentially exponential burden and expense attendant to discovery at this early stage of the litigation.

Very truly yours,

Melick & Porter, LLP
May 19, 2023
Page 4


*/s/ Holly G. Rogers*

Holly G. Rogers