# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

May 31, 2023

**VIA ECF**

The Honorable Edgardo Ramos
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: Palmore v. Napoli Shkolnik PLLC, *et al.*; Civil Case No. 23-cv-01616 (ER)

Dear Judge Ramos:

We represent Plaintiff and write to request a pre-motion conference regarding a proposed motion for leave to serve the Complaint on Defendants Paul Napoli, Marie Napoli and Hunter Shkolnik ("Individual Defendants") by alternative means.  The Individual Defendants have refused to accept service through counsel, argued that service on their Melville office is ineffective because they live in Puerto Rico, and even argued that service on their Puerto Rico office is ineffective because they have not authorized anyone there to accept service.  The Individual Defendants are clearly seeking to evade service despite being admitted to practice before this Court and fully aware of this action.[1]

Initially, Plaintiff fully believes she has effectuated proper service by serving the Individual Defendants at the firm's office in Melville and by serving the firm's representative at their Puerto Rico office.  However, the Individual Defendants have repeatedly taken the position that this service is ineffective.  The Individual Defendants appear to take the position that there is no person authorized to accept service at any office of their firm in the United States or Puerto Rico, while at the same time, a process server is unable to reach or access the Individual Defendants directly due to the layout of their office suites.  This is gamesmanship pure and simple.

Plaintiff's deadline to effectuate service was May 28, 2023.  To the extent service is deemed ineffective, FRCP 4(m) provides that "if the plaintiff shows good cause for the failure [to complete service], the court must extend the time for service for an appropriate period."[2]  In determining whether a plaintiff has shown good cause, courts in this Circuit consider whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service.  See Shider v. Commc'ns Workers of Am., No. 95 Civ. 4908, 1999 WL 673345, at *2

---

[1] We also note that Defendants are currently suing Ms. Palmore in state court and our firm accepted service on Ms. Palmore's behalf.  See Napoli Shkolnik PLLC v. Palmore, Index No. 603189/2023 (Sup. Ct., Nass. Cty.).
[2] Plaintiff previously informed the court that an extension to complete service and/or serve by alternative means might be necessary in her submission at Dkt. No. 26.

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

The Honorable Edgardo Ramos
May 31, 2023
Page 2

(S.D.N.Y. Aug.30, 1999).   Here, Plaintiff has attempted to serve the Individual Defendants at their Manhattan office (security would not give the process server access to the office suite), the Melville office (the Individual Defendants claim the person upon whom service was effectuated was not authorized) and in Puerto Rico (the Individual Defendants claim the person upon whom service was effectuated was not authorized).  This constitutes more than reasonable efforts.  See e.g. Maurice v. Plasco-Flaxman, 18 Civ. 8841 (RA), 2019 WL 2287740, at *3 (S.D.N.Y. May 29, 2019) (finding that the plaintiff made reasonable efforts to serve the defendants where the plaintiff made several attempts at service shortly after filing the complaint.).

The Individual Defendants would also not be prejudiced by an extension of time for service as they are all well aware of this action.  See Zappin v. Supple, No. 20 Civ. 5602 (LGS), 2021 WL 1997543, at *3 (S.D.N.Y. May 19, 2021) ("there will be no prejudice to Defendants if an extension is granted because … Defendants had actual notice of the lawsuit.").

As to alternative service, FRCP 4(e)(1) provides that an individual may be served in a judicial district of the United States pursuant to the law of the forum state or pursuant to the law of the state where service is made.  In New York, service of process may be effected by "in such manner as the court directs if service is impracticable under (1) [personal service], (2) [person of suitable age and discretion], and (4) ["nail and mail"].  See CPLR § 308.  Under § 308(5), the meaning of "impracticable" is dependent upon the facts and circumstances of a particular case.  See Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ. 7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003).  The standard is not strict, and a plaintiff seeking to effect alternative service must only "make some showing that the other prescribed methods of service could not be made."  S.E.C. v. Nnebe, 01 Civ. 5247 (KMW) (KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003); D.R.I., Inc. v. Dennis, 03 Civ. 10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) ("[w]hen usual methods of service prove impracticable, service that is "reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action" will suffice.").

The purpose of the legal requirements for service are to ensure that litigants are aware of and on notice of the claims being asserted against them; the requirements are not there to force litigants to jump through endless hoops to vindicate their rights and they are not there for defendants who are on notice of the claims to baselessly avoid having to defend themselves.  As such, Plaintiff respectfully requests a 60-day extension of time to effectuate service and leave to serve the Complaint in this action on the Individual Defendants *via* the email addresses they have on file with the New York State Office of Court Administration.

We are submitting this letter in advance of the conference schedule for June 1, 2023, in the event the Court is available to address the matter then.

Respectfully submitted,

David E. Gottlieb