

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

June 28, 2023

**VIA ECF**

The Honorable Edgardo Ramos
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Palmore v. Napoli Shkolnik PLLC, *et al.*; Civil Case No. 23-cv-01616 (ER)

Dear Judge Ramos:

We represent Plaintiff Heather M. Palmore and submit this pre-motion letter to respectfully request leave to serve Paul Napoli, Marie Napoli and Hunter Shkolnik (together, "Individual Defendants") *via* alternative means using their email addresses on file with the New York State Office of Court Administration.

**I.**      **Background**

On February 27, 2023, Ms. Palmore filed this employment discrimination action. Defendants were immediately on notice of the lawsuit, having given quotes to the media about the matter.[1] Defendants were also on advance notice that a lawsuit was about to be filed as they had been provided with a draft complaint and the parties had just engaged in a failed mediation. See Dkt. No. 1 at ¶251. As attorneys, Defendants are also well aware of and surely did pull a copy of the filing immediately after it was filed. That same week, on March 2, 2023, *almost four months ago*, Plaintiff attempted to serve the Individual Defendants at Napoli Shkolnik PLLC's ("Napoli") headquarters at 360 Lexington Avenue in New York City, but Plaintiff's process server was denied entry. Then, on March 14, 2023, Plaintiff successfully served the Individual Defendants at Napoli's Long Island office. See Dkt. Nos. 17-19. However, the Individual Defendants contended that this attempt at service was insufficient and moved to dismiss *via* pre-motion letter on this ground among others. At the pre-motion conference, the Court granted Plaintiff a 60-day extension to effectuate service through July 31, 2023. Thereafter, the Individual Defendants have continued to evade service, refuse to accept service in any form and contend that service still has not been effectuated. As such, Plaintiff seeks leave to serve process *via* alternative means.

---

[1]    See e.g. Stephanie Stacey, *A lawyer accused of 'quiet quitting' is being sued by her firm*, BUSINESS INSIDER, Feb. 26, 2023, https://www.businessinsider.in/careers/news/a-law-firm-accused-one-of-its-own-attorneys-of-quiet-quitting-in-a-lawsuit/articleshow/98235396.cms .



The Honorable Edgardo Ramos
June 26, 2023
Page 2

## II.     Argument

Federal Rule of Civil Procedure ("FRCP") 4(e) applies to defendants who reside in the United States.  See FRCP 4(e).  FRCP 4(e) permits service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located,"—here, New York State.  Id.  In New York, service of process may be effected by: (1) personal service within the state; (2) delivering the summons within the state to a person of suitable age and discretion at the individual's actual place of business, dwelling, or usual abode as well as mailing it to the individual; (3) delivering the summons within the state to the individual's agent; (4) where service under (1) and (2) cannot be made after due diligence, affixing the summons to the individual's actual place of business, dwelling, or usual abode as well as mailing it to the individual; or (5) in such manner as the court directs if service is *impracticable* under (1), (2), and (4).  See N.Y. C.P.L.R. § 308 (emphasis added).

"The meaning of 'impracticable' depends on the facts and circumstances of a particular case . . . In general, plaintiff must make some showing that the other prescribed methods of service could not be made."  D.R.I., Inc. v. Dennis, No. 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (citations omitted).  Here, Plaintiff has made numerous attempts to effectuate service upon the Individual Defendants in New York and Puerto Rico, and no matter what Plaintiff does Defendants claim it is insufficient.  Thus, service *via* alternative means *via* email is warranted.  See Metromedia Co. v. Cowan, No. 13 CIV. 03787 LGS, 2013 WL 4780039 (S.D.N.Y. June 24, 2013) (allowing alternative service via email where traditional means of service was unsuccessful).

Plaintiff details the following efforts at service on the Individual Defendants to date:

- On or about March 7, 2023, a process server attempted service at Napoli's principal place of business in New York City.  The Individual Defendants refused to accept service.

- On or about March 14, 2023, a process server effectuated service on a person of suitable age and discretion at Napoli's Long Island office.  The Individual Defendants have argued the service was improper because they live and work in Puerto Rico.

- On May 12, 2023, we asked the Individual Defendants' counsel if they will accept service.  Counsel refused.

- On or about May 19, 2023, a process server effectuated service on a person of suitable age and discretion at Napoli's Puerto Rico office.  See Dkt. Nos. 29-31.  Defendants argued personal service is required.

- At the pre-motion conference, the Court implored whether counsel would execute a waiver of service form and counsel equivocated.  See Transcript of June 1, 2023 Pre-



The Honorable Edgardo Ramos
June 26, 2023
Page 3

    Motion Conference at 8, <u>Palmore v. Napoli et al.</u> (Dkt. No. 35).  Following the conference, we formally asked counsel the same.  Defense counsel rejected the offer.

- On or about June 2, 2023, our process server again attempted personal service at Napoli's Puerto Rico office.  This time, the process server was informed by a person at the office that the Individual Defendants are on vacation and will not return until August, which is after the current deadline to complete service.  We informed Defendants' counsel of this and she said "the information" the process server provided was "inaccurate" without specifying what was inaccurate.  We asked whether she was contending that the person who told the process server that the Individual Defendants are on vacation was lying to the process server, but she has not responded.

- On June 22, 2023, we asked the Defendants' counsel if she would accept service on the Individual Defendants' behalf.  She again said no.

In light of the above, it is clear the Individual Defendants are seeking to evade service or at the very least making it impracticable.  At the pre-motion conference, the Court stated that "There are rules concerning service.  They're there for a reason."  <u>See</u> Transcript of June 1, 2023 Pre-Motion Conference at 16:1-2, <u>Palmore v. Napoli, et al.</u> (Dkt. No. 35).  We agree with that sentiment wholeheartedly.  But *this* is most certainly not the reason for those rules.  The rules are not there to delay and multiply legal proceedings or to waste judicial and attorney resources.  Rather, the rules are there for the very simple reason of ensuring that people being sued are properly noticed of a lawsuit.  It is specifically for that reason that CPLR § 308(5) provides for a catchall for courts to be flexible where there is an impracticability.  Ms. Palmore seeks to enforce her rights to be free from discrimination and retaliation, and Defendants are interfering with the only mechanism at her disposal to do so and styling the administration of the courts.

At the conclusion of the pre-motion conference, the Court further stated that, "But to Mr. Gottlieb's point, service should be the least of the issues that any of us have to deal with. And depending on what Mr. Gottlieb tells me, in terms of his efforts to comply with the rules, I will consider favorably any request to serve by alternative means. No one would be prejudiced by the named plaintiffs receiving a summons and the copy of the complaint."  Transcript of June 1, 2023 Pre-Motion Conference at 16:10-16, <u>Palmore v. Napoli, et al.</u> (Dkt. No. 35).  Respectfully, we contend that we have engaged in reasonable and diligent efforts to effectuate service pursuant to the FRCP, CPLR and the Court's directive at the pre-motion conference.  Accordingly, we respectfully request leave to effectuate service on the Individual Defendants *via* the email addresses they have on file with the New York State Office of Court Administration.

Respectfully submitted,

David E. Gottlieb

cc:    All counsel (*via* ECF)